FILED
CLERK, U.S. DISTRICT COURT

JAN 23 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERNEST MILLER, | NO. CV 07-7209-GAF(E) |
|     Petitioner, | |
| v. | ORDER ADOPTING FINDINGS, |
| SUPERIOR COURT JUDGE DAVID MINTZ, | CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
|     Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered denying and dismissing the Petition without prejudice.

///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  1/23/08           .

GARY A. FEESS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER,<br><br>    Petitioner,<br><br>v.<br><br>SUPERIOR COURT JUDGE DAVID MINTZ,<br><br>    Respondent. | ) NO. CV 07-7209-GAF(E)<br>)<br>)<br>)<br>)<br>) REPORT AND RECOMMENDATION OF<br>)<br>) UNITED STATES MAGISTRATE JUDGE<br>)<br>)<br>)<br>) |

This Report and Recommendation is submitted to the Honorable Gary A. Feess, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

### BACKGROUND

Petitioner, a state prisoner, filed a "Petition for Writ of Habeas Corpus" on September 27, 2007, in the United States Court of Appeals for the Ninth Circuit. On October 3, 2007, the Court of



Appeals transferred the action to the United States District Court for the Eastern District of California. On November 2, 2007, the United States District Court for the Eastern District of California transferred the action to this Court. Petitioner contends: (1) the sentencing court assertedly imposed an upper term sentence in violation of Cunningham v. California, 127 S. Ct. 856 (2007) ("Cunningham"); and (2) the sentencing court was prejudiced against Petitioner and discriminated against him.

Petitioner did not sign the Petition, as required by 28 U.S.C. section 2242. Petitioner named a Superior Court judge as Respondent, rather than Petitioner's custodian. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); Smith v. Idaho, 392 F.3d 350, 352-55 (9th Cir. 2004) (failure to name immediate custodian as respondent deprives court of personal jurisdiction); see generally 28 U.S.C. 2242.

Furthermore, it appeared from the face of the Petition that Petitioner had not exhausted his claims. A federal court will not grant a state petitioner's habeas corpus petition unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)-(c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989); James v. Borg, 24 F.3d. 20, 24



1  (9th Cir.), cert. denied, 513 U.S. 935 (1994). In response to the
2  question on the form Petition asking whether Petitioner sought review
3  in the California Supreme Court, Petitioner checked the box marked
4  "No," and stated that he was "exhausting all remedies first"
5  (Petition, p. 4). The Petition otherwise did not indicate whether
6  Petitioner had exhausted his claims.

8  For all of these reasons, on December 4, 2007, the Court issued a
9  Minute Order, requiring Petitioner to show cause in writing, within
10 thirty (30) days of the date of the Order, why the Petition should not
11 be dismissed for failure to sign and verify the Petition, and/or
12 failure to name Petitioner's custodian, and/or failure to exhaust
13 available state remedies ("Order to Show Cause").

15 On December 13, 2007, Petitioner filed a "Motion to Lodge to Name
16 As Respondent Warden (A.D. Scribner) Warden (Darren Adams) Petitioner
17 'Objects' to Case Being 'Dismissed,'" which the Court construes as
18 Petitioner's Response to the Order to Show Cause ("Response"). In the
19 Response, Petitioner names two state prison wardens as his custodians.
20 Petitioner signed the Response, but provided no signature or
21 verification for the Petition. Petitioner objects to dismissal of the
22 Petition on the grounds that Petitioner assertedly followed all court
23 rules and that the action was transferred to this Court "due to
24 exhausting all remedies" (Response, p. 1).

26 **DISCUSSION**

28 As the Court advised Petitioner in the Order to Show Cause, a



federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b) - (c); <u>Baldwin v. Reese</u>, 541 U.S. at 29; <u>O'Sullivan v. Boerckel</u>, 526 U.S. at 842. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." <u>O'Sullivan v. Boerckel</u>, 526 U.S. at 844. The exhaustion requirement seeks to avoid "the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." <u>Id.</u> at 844-45 (citations, internal brackets and quotations omitted).

State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the state's highest court. <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 350-51 (1989); <u>James v. Borg</u>, 24 F.3d 20, 24 (9th Cir.), <u>cert. denied</u>, 513 U.S. 935 (1994). A claim has not been fairly presented unless the petitioner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Weaver v. Thompson</u>, 197 F.3d 359, 364 (9th Cir. 1999).

Although the face of the Petition indicates Petitioner has not exhausted his claims, in the Response Petitioner appears to suggest that either the Ninth Circuit or the United States District Court for the Eastern District of California determined that Petitioner had



1  satisfied the exhaustion requirement. The Court has examined the
2  docket in <u>Miller v. Mintz</u>, United States District Court for the
3  Eastern District of California case number 07-1494-LJO (SMS).¹ That
4  docket contains a copy of the Ninth Circuit's order transferring the
5  Petition to the United States District Court for the Eastern District
6  of California, an order which does not contain any discussion of the
7  exhaustion issue. None of the orders of the United States District
8  Court for the Eastern District of California contain any discussion of
9  exhaustion. Petitioner has not shown that either the Ninth Circuit or
10 the United States District Court for the Eastern District of
11 California determined that Petitioner had exhausted his claims.
12
13     Despite the fact that Petitioner checked the box marked "No" in
14 answer to the question whether Petitioner sought review in the
15 California Supreme Court, in the portion of the form Petition
16 concerning Petitioner's direct appeal, Petitioner references a
17 California Supreme Court case number, S139372 (Petition, p. 4). The
18 California Supreme Court's docket in <u>People v. Miller</u>, case number
19 S139372, shows that Petitioner filed a petition for review in that
20 court on December 6, 2005.² In the petition for review, Petitioner
21 alleged that his sentence violated <u>Blakely v. Washington</u>, 542 U.S. 296

---

¹ The Court takes judicial notice of the docket in <u>Miller v. Mintz</u>, United States District Court for the Eastern District of California case number 07-1494-LJO (SMS), available on the PACER database at www.pacer.uspci.uscourts.gov. See <u>Mir v. Little Company of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988).

² The Court takes judicial notice of the California Supreme Court's dockets in Petitioner's cases, available on the Internet at www.courtinfo.ca.gov. See <u>Mir v. Little Company of Mary Hosp.</u>, 844 F.2d at 649.

1  (2004).³  Petitioner did not allege that the sentencing judge was
2  biased and discriminated against Petitioner.  On February 22, 2006,
3  the California Supreme Court denied the petition for review "without
4  prejudice to any relief to which defendant might be entitled after the
5  United States Supreme Court determines in Cunningham v. California,
6  No. 05-6551, the effect of Blakely v. Washington (2004) 542 U.S. 296
7  and United States v. Booker (2005) 543 U.S. 220, on California law."
8  People v. Miller, 2006 Cal. LEXIS 2605 (Cal. Feb. 22, 2006).

10  The California Supreme Court's docket also shows that Petitioner
11  filed a habeas corpus petition in that court on July 31, 2007, in In
12  re Miller, Cal. Supreme Court case number S154943, which remains
13  pending.  The contents of this pending petition are unknown.

15  Petitioner has not shown, and the record does not show, that
16  Petitioner has exhausted his claim that the sentencing court was
17  prejudiced against Petitioner and discriminated against him.  For the
18  following reasons, Petitioner's Cunningham claim also is unexhausted.

20  In Apprendi v. New Jersey, 530 U.S. 466 (2000) ("Apprendi"), the
21  United States Supreme Court held that the Sixth Amendment requires
22  that, other than the fact of a prior conviction, "any fact that
23  increases the penalty for a crime beyond the prescribed statutory

---

³ The Court takes judicial notice of the file in Petitioner's previous habeas petition filed in this Court, Miller v. Adams, CV 05-4521-GAF (E).  See Mir v. Little Company of Mary Hosp., 844 F.2d at 649.  Attached to the Answer in that action is a copy of Petitioner's California Supreme Court petition for review.



maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added). In Blakely v. Washington, 542 U.S. 296 (2004) ("Blakely"), the Supreme Court held that the "statutory maximum" for Apprendi purposes "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant* . . . ." Blakely, 542 U.S. at 303 (original emphasis).

At the time the California Supreme Court denied Petitioner's petition for review, the issue whether the Constitution barred a California judge from imposing an upper term sentence based on facts found by the judge was governed by People v. Black, 35 Cal. 4th 1238, 29 Cal. Rptr. 3d 740, 113 P.3d 534 (June 20, 2005), vacated, 127 S. Ct. 1210 (2007) ("Black"). Black held that the imposition of an upper term sentence under such circumstances did not violate the constitutional principles set forth in Apprendi and Blakely.

On January 22, 2007, after the California Supreme Court denied Petitioner's petition for review, the United States Supreme Court issued its decision in Cunningham. Cunningham held that a California judge's imposition of an upper term sentence based on facts found by the judge violated the Constitution. Cunningham expressly disapproved the California Supreme Court's holding and reasoning in Black. No California court has had the opportunity to consider the constitutionality of Petitioner's sentence in light of Cunningham.

Where an intervening change in federal law "cast[s] the legal issue in a fundamentally different light," a federal habeas court may



1 | require the petitioner to return to state court in order to give the
2 | state court the opportunity to pass upon the merits of the claim in
3 | light of the new law.  See Picard v. Connor, 404 U.S. 270, 276 (1971);
4 | In re Whittington, 391 U.S. 341, 343 (1968); Hudson v. Rushen, 686
5 | F.2d 826, 830 (9th Cir. 1982), cert. denied, 461 U.S. 916 (1983);
6 | Blair v. California, 340 F.2d 741, 744-45 (9th Cir. 1965).  "[A] state
7 | prisoner who believes that some decision of the United States Supreme
8 | Court subsequent to the state court decision in his case requires that
9 | his conviction or sentence be set aside should first pursue any state
10 | remedy which may be available to present that contention before
11 | applying for a federal writ of habeas corpus."  Blair v. California,
12 | 340 F.2d at 745; see also Gomez v. Dretke, 422 F.3d 264, 266 (5th Cir.
13 | 2005) (although petitioner arguably presented to state courts his
14 | claim that his confession was admitted in violation of Vienna
15 | Convention on Consular Relations, subsequent decision of International
16 | Court of Justice and subsequent Presidential directive that state
17 | courts should give effect to that decision counseled in favor of
18 | "re-pursuing relief in the [state] courts").

20 | Cunningham was not the first Supreme Court case to recognize that
21 | certain facts increasing the penalty for a crime beyond the statutory
22 | maximum must be submitted to a jury and proved beyond a reasonable
23 | doubt.  See Blakely; Apprendi.  In the circumstances of the present
24 | case, however, Cunningham casts Petitioner's Blakely claim in a
25 | "fundamentally different light" from the light that illuminated the
26 | claim at the time the California Supreme Court denied Petitioner's



8

1  petition for review.[4] By eliminating the impediment of Black,
2  Cunningham now has increased Petitioner's chances of prevailing in
3  state court on his Blakely claim.[5] Hence, Petitioner's Cunningham
4  claim is unexhausted. Accord, Flores v. Hickman, 489 F. Supp. 2d 1097
5  (C.D. Cal. 2007) (issuing order to show cause why Blakely claim should
6  not be dismissed as unexhausted in light of Cunningham).

7
8      Although the Court has authority to stay a "mixed" petition
9  containing both exhausted and unexhausted claims, see Rhines v. Weber,
10  544 U.S. 269 (2005), the present Petition is not mixed. Petitioner's
11  claim of judicial prejudice and discrimination is unexhausted, and
12  Petitioner's Blakely claim requires further exhaustion. The Court
13  cannot stay an unexhausted petition. See Rasberry v. Garcia, 448 F.3d
14  1150, 1154 (9th Cir. 2006). Therefore, the Petition should be
15  dismissed without prejudice. See Guillory v. Roe, 329 F.3d 1015, 1017

---

[4]  The Court need not, and does not, reach the issue of whether Cunningham announced a "new rule" within the meaning of the retroactivity analysis discussed in Teague v. Lane, 489 U.S. 288 (1989). See Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005) (Blakely not retroactive); but see Cunningham v. California, 127 S. Ct. at 869 (criticizing Black for having examined California law to determine that California's sentencing system did not implicate significantly the concerns underlying the Sixth Amendment's jury-trial guarantee; "our decisions, however, leave no room for such an examination"; "[a]sking whether a defendant's basic jury-trial right is preserved, though some facts essential to punishment are reserved for determination by the judge, is the very inquiry Apprendi's 'bright-line rule' was designed to exclude") (citations omitted; original emphasis); id. at 871 ("Contrary to the Black court's holding, our decisions from Apprendi to Booker point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum.").

[5]  This Court expresses no view regarding the ultimate merits of Petitioner's Blakely/Cunningham claim.



1 | (9th Cir.), cert. denied, 540 U.S. 974 (2003).

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered denying and dismissing the Petition without prejudice.

DATED: December 28, 2007.

_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE



**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.